UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MANJINDER SINGH,** | Civil Action No. 16-4603 (SDW) |
| Petitioner, | |
| v. | OPINION |
| **ORLANDO RODRIGUEZ,** | |
| Respondents. | |

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Manjinder Singh, filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer (ECF No. 3), the Government filed a response to the Petition. (ECF No. 5). Petitioner did not file a reply brief. For the following reasons, this Court will grant the petition and will direct an immigration judge to conduct a bond hearing for Petitioner.

**I. BACKGROUND**

Petitioner, Manjinder Singh, is a native and citizen of India who entered this country without inspection in July 2010, at which time he was apprehended and placed into expedited removal proceedings. (Document 1 attached to ECF No. 5). In October 2010, while Petitioner's removal proceedings were pending in the immigration courts, Petitioner was released on bond. (Document 4 attached to ECF No. 1). Petitioner's immigration proceedings were thereafter transferred from Texas to New York pursuant to Petitioner's request in June 2011. (Document 5 attached to ECF No. 5). While Petitioner's immigration proceedings were running their course, he was convicted in July 2014 of conspiracy with intent to distribute synthetic marijuana in

violation of 21 U.S.C. § 846, resulting in, among other punishments, his home detention for four months.  (Document 7 attached to ECF No. 5).  Because Petitioner's conviction mandated his detention pursuant to 8 U.S.C. § 1226(c), the Government thereafter took him into immigration custody on September 16, 2015.  (Document 1 attached to ECF No. 5; ECF No. 5 at 5).  Petitioner has remained detained in immigration custody since that time.  (ECF No. 5 at 5-6).

On December 15, 2015, Petitioner was scheduled to appear for his first master calendar hearing following his being taken into custody, but that hearing was continued by the immigration judge so that a merits hearing could be held.  (Document 10 attached to ECF No. 5 at 3).  Petitioner came back before the immigration court on February 8, 2016, for a merits hearing, but that hearing was ultimately continued at the request of Petitioner's attorney.  (*Id.*).  Petitioner appeared for another hearing on May 31, 2016, but scheduling issues resulted in that hearing also being continued.  (*Id.*).  At the following hearing in June 2016, the immigration judge again continued Petitioner's removal proceedings at Petitioner's request.  (*Id.* at 4).  When Petitioner appeared for his next hearing in August 2016, the immigration court again provided Petitioner with a continuance to give counsel more time to prepare.  (*Id.*).  Petitioner was next scheduled to appear before the immigration court on November 14, 2016.  (*Id.*).  Neither party has informed the Court what occurred at that hearing, but it appears that Petitioner remains detained and is still not yet subject to a final order of removal.  Petitioner has at this point thus been held without bond for fifteen months without receiving a final order of removal, and appears to be pursuing relief from removal to India based on his fear that he would be in danger if returned to his home country.  (ECF No. 5 at 18-20).  The Government contends, however, that such relief would not prevent Petitioner's removal from the United States, only his return to India.  (*Id.*).

## II.  DISCUSSION

### A.  Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims.  *Spencer v. Lemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B.  Analysis

As Petitioner is currently detained pursuant to 8 U.S.C. § 1226(c) based on his prior drug-related conviction, and he is not subject to a final order of removal, the propriety of his continued detention without a bond hearing is governed by the Third Circuit's decisions in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015).  In *Diop*, the Third Circuit held that § 1226(c) "authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes." 656 F.3d at 231. The determination of whether a given period of detention is reasonable is a fact specific inquiry "requiring an assessment of all of the circumstances of a given case" *Id.* at 234. Reasonableness in this context is "a function of whether [continued detention without bond] is

necessary to fulfill the purpose of the statute," specifically protecting the public and ensuring that the petitioner attends his removal proceedings. *Id.* While the *Diop* panel declined to adopt a bright line rule for determining reasonableness solely on the basis of the length of a Petitioner's detention, s*ee* 656 F.3d at 234; *see also Carter v. Aviles*, No. 13-3607, 2014 WL 348257, at *3 (D.N.J. Jan. 30, 2014), the Third Circuit has recently provided further guidance in that regard in the form of *Chavez-Alvarez*. In *Chavez-Alvarez*, the Third Circuit held that, at least in those cases where the Government fails to show bad faith on the part of the petitioner, "beginning sometime after the six-month timeframe [upheld by the Supreme Court in Demore [v. Kim, 538 U.S. 510, 532-33 (2003),] and certainly by the time [the petitioner] had been detained for one year, the burdens to [the petitioner's] liberties [will outweigh] any justification for using presumptions to detain him without bond to further the goals of the statute." 783 F.3d at 478.

In this matter, the Government argues that Petitioner's continued detention without bond for nearly fifteen months remains reasonable for two reasons – because Petitioner requested three of the four continuances which the immigration court has entered since September 2015, and because Petitioner's only arguments for relief would not prevent his removal, only his removal to India, his home country. The Government in turn argues that because Petitioner has not presented complicated claims as did the petitioner in *Chavez-Alvarez*, and because Petitioner's only avenues for relief would not provide him complete relief from removal, his lengthy detention will remain reasonable even without a bond hearing. In making this argument, the Government does not argue that Petitioner's seeking of limited relief based on his fear for his life should he be returned to India is clearly without merit, instead the Government recognizes that, although such relief would not prevent his removal from this country, it could result in his removal to a country other than India.

Case 2:16-cv-04603-SDW   Document 6   Filed 12/13/16   Page 5 of 7 PageID: 167

This Court recently dealt with a nearly identical argument and rejected it in *Rodriguez v. Green*, No. 16-4431, 2016 WL 7175597, at *2-3 (D.N.J. Dec. 7, 2016).  As this Court explained in that matter:

> Turning first to the issue of Petitioner's responsibility for some of the delay in his case, the Third Circuit specifically held in *Chavez-Alvarez* that the reasonableness of a given period of detention does not rely solely on how the Government has conducted itself, and observed that the "primary point of reference for justifying [an] alien's confinement must be whether the civil detention is necessary to achieve the statute's goals: ensuring participation in the removal process and protecting the community from the danger [the alien] poses." 783 F.3d at 475.  Thus, detention can become unreasonable, and a petitioner can be entitled to a bond hearing, even where the Government itself acted reasonably and is not responsible for the delays in the conclusion of an alien's immigration proceedings.  *Id.*  While the Third Circuit did observe that "certain cases might be distinguishable [from *Chavez-Alvarez* where the alien is] merely gaming the system to delay their removal," and that the aliens in such cases "should not be rewarded a bond hearing they would not otherwise get under the statute," *Id.* at 476, the *Chavez-Alvarez* panel also observed that courts need not "decide whether an alien's delay tactics should preclude a bond hearing" where the court could not conclude that the alien acted in bad faith.  *Id.*
>
> Determining whether an alien has acted in bad faith is not a matter of "counting wins and losses," but is instead a fact specific inquiry requiring consideration of whether the alien has presented "real issues" to the immigration court by raising factual disputes, challenging poor legal reasoning, raising contested legal theories, or presenting new legal issues.  *Id.*  "Where questions are legitimately raised, the wisdom of [the Third Circuit's] ruling in *Leslie* [*v. Att'y Gen. of the United States*, 678 F.3d 265, 271 (3d Cir. 2012),] is plainly relevant [and the court] cannot 'effectively punish' these aliens for choosing to exercise their legal right to challenge the Government's case against them by rendering 'the corresponding increase in time of detention . . . reasonable.'" *Id.*  Thus, the conduct of the parties in a vacuum does not per se determine reasonableness, and the Court must weigh all available relevant information in determining whether the reasonableness "tipping point" has been reached.

*Id.* Having considered the relevant caselaw, this Court then rejected the Government's arguments and granted a bond hearing because the petitioner had been held for nearly a year, was pursuing claims that, while unlikely to succeed, could provide him some limited form of relief even if it would not prevent his removal to a safe third company, and because nothing presented to the Court was sufficient to establish bad faith or a dilatory motive. *Id.* at *3.

This matter is not materially distinguishable from *Rodriguez* or *Chavez-Alvarez*. Petitioner has been held at this point for some fifteen months without a bond hearing, and has yet to receive a final order of removal. Likewise, although Petitioner's claims may not be as complex as those in *Chavez-Alvarez* and may provide him only limited relief, nothing the Government has submitted indicates that Petitioner's seeking what relief he can is indicative of a dilatory motive or actual bad faith. Instead, Petitioner appears to be pursuing the avenues of relief available to him, and is thus choosing to exercise his legal right to challenge the Government's removal proceedings to the extent he can given his criminal history. As in *Rodriguez*, that Petitioner may not receive complete relief from removal is immaterial so long as he is litigating his removal without bad faith, which appears to be the case based on the evidence presented here. As this Court does not find bad faith, and as Petitioner has been held for well over a year without a bond hearing, this Court concludes that Petitioner's case cannot be meaningfully distinguished from *Rodriguez* or *Chavez-Alvarez*, and Petitioner's detention has reached the tipping point where his continued detention is no longer constitutionally reasonable absent a particularized determination as to his danger to the community and potential flight risk. This Court will therefore grant this petition and direct the immigration Court to provide Petitioner with a bond hearing in accordance with *Chavez-Alvarez*. 783 F.3d 477-78.

**III. CONCLUSION**

For the reasons expressed above, this Court will grant Petitioner's petition for a writ of habeas corpus (ECF No. 1), and will direct an immigration judge to provide Petitioner with a bond hearing. An appropriate order follows.


Dated: December 13, 2016          <u>*s/ Susan D. Wigenton*</u>
                                   Hon. Susan D. Wigenton,
                                   United States District Judge